

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 11, 1994

Mr. Alfred F. Hurley
Chancellor
University of North Texas
P.O. Box 13737
Denton, Texas 76203-6737

Opinion No. DM-300

Re: Whether there is a de minimis exception to the requirement that certain companies that enter into a "building or construction contract" under Labor Code section 406.096 with the state or a political subdivision of the state must provide workers' compensation insurance for their employees, and related questions (RQ-596)

Dear Mr. Hurley:

You ask us to determine what constitutes a "building or construction contract" within section 406.096 of the Labor Code.[1] Section 406.096 provides, in pertinent part, as follows:

> (a) A governmental entity that enters into a building or construction contract shall require the contractor to certify in writing that the contractor provides workers' compensation insurance coverage for each employee of the contractor employed on the public project.

> (b) Each subcontractor on the public project shall provide such a certificate relating to coverage of the subcontractor's employees to the general contractor, who shall provide the subcontractor's certificate to the governmental entity.

> . . . .

> (d) The employment of a maintenance employee by an employer who is not engaging in building or construction as the employer's primary business does not constitute engaging in building or construction.

---

[1]Section 406.096 of the Labor Code was formerly codified as V.T.C.S. article 8308-3.23(c), (d) (1925), a provision of the 1989 Workers' Compensation Act (the "act"). The Seventy-third Legislature repealed the act and re-enacted it, without substantive revision, as title 5 of the Labor Code. Acts 1993, 73d Leg., ch. 269, § 1, at 1132.

(e) In this section:

(1) "Building or construction" includes:

(A) erecting or preparing to erect a structure, including a building, bridge, roadway, public utility facility, or related appurtenance;

(B) remodeling, extending, repairing, or demolishing a structure; or

(C) otherwise improving real property or an appurtenance to real property through similar activities.

(2) "Governmental entity" means this state or a political subdivision of this state. The term includes a municipality.

In particular, you also ask whether section 406.096 applies to the following types of jobs:

(1) the furnishing and installation of an item in a building (such as the installation of carpeting for a single office, or a wall system to divide a room in half, etc.); (2) the service or repair of a certain item (such as the replacement of a glass window pane; the repair of a malfunctioning electronic door; resealing seams and restretching a carpet, etc.); (3) small sheet metal projects; (4) specialized pipe fitting work; or (5) annual service contracts for services such as elevator maintenance and fire alarm maintenance.

We cannot answer this question because the determination in each case may depend on a consideration of additional facts to determine whether the job constitutes "building or construction" as defined in section 406.096(e)(1). Resolution of questions of fact is not a function of the attorney general opinion process. For this reason, we cannot amplify the statutory definition of "building or construction" to provide a formula for determining whether or not these jobs are "building or construction contracts."

On the assumption that such jobs are "building or construction contracts," you ask whether section 406.096 of the Labor Code applies to them, no matter how small the subject matter of the contract may be. We see in the statutory language no indication of a legislative intent to except small contracts from the coverage requirement of section 406.096. Furthermore, injuries at the work place may occur during the performance of even minor tasks, so we can think of no reason to interpret this section as applying only to large contracts.

You contend that if this provision applies to small jobs such as a $50 carpet repair or a $150 plate glass replacement, then the University of North Texas will not be able to

hire for minor jobs many of the smaller and less expensive independent contractors that do not provide workers' compensation coverage to their employees. It is obvious that the maintenance of workers' compensation coverage will entail costs that may be factored into the rates charged for services provided by the covered contractor in a building or construction contract. If the effect of section 406.096 is to place an added cost burden on a governmental entity, we believe that the legislature anticipated this effect and determined that the added cost was justified by the benefits of requiring coverage. We therefore conclude that section 406.096 applies to all contracts falling within its terms regardless of the size of the subject matter.

You next ask whether a "governmental entity" as defined in section 406.096(e)(2) may be a "hiring contractor" as defined in Labor Code section 406.141, which begins subchapter G of chapter 406. Subchapter G establishes that in certain construction contracts, *see* Labor Code § 406.142, an "independent contractor" as defined in section 406.141(2), and not the "hiring contractor" as defined in section 406.141(1), is responsible for the provision of any workers' compensation to any of its employees, *see id.* § 406.143, unless the hiring contractor and the independent contractor enter into an agreement making the hiring contractor the employer of the independent contractor and its employees for the purpose of providing workers' compensation coverage, *see id.* § 406.144.

To answer this question we will need to consider the meaning of the phrase *hiring contractor* as used in subchapter G. Section 406.141 defines *hiring contractor* as follows:

> In this subchapter:
>
> (1) "Hiring contractor" means a general contractor or subcontractor who, in the course of regular business, subcontracts all or part of the work to be performed to other persons.

Section 406.121, in turn, defines *general contractor* and *subcontractor* as follows:

> In this subchapter:
>
> (1) "General contractor" means a person who undertakes to procure the performance of work or a service, either separately or through the use of subcontractors. The term includes a "principal contractor," "original contractor," "prime contractor," or other analogous term. The term does not include a motor carrier that provides a transportation service through the use of an owner operator.
>
> . . . .
>
> (5) "Subcontractor" means a person who contracts with a general contractor to perform all or part of the work or services that the general contractor has undertaken to perform.

The statutory definition of *general contractor* is consistent, for the most part, with that found in *Black's Law Dictionary*:

> One who contracts for the construction of an entire building or project, rather than for a portion of the work. The general contractor hires subcontractors (*e.g.* plumbing, electrical, etc.), coordinates all work, and is responsible for payment to subcontractors. Also called "prime" contractor.

BLACK'S LAW DICTIONARY 683 (6th ed. 1990).

Although the foregoing Labor Code provisions do not define *hiring contractor* or *general contractor* in terms expressly limiting the phrases to include a person who is a "contractor," it is helpful to consider the meaning of the word *contractor* in order better to understand the these phrases. *Black's* defines *contractor*, in part, as:

> One who contracts to do work *for another*. This term is strictly applicable to any person who enters into a contract, but is commonly reserved to designate one who, for a fixed price, undertakes to procure the performance of works or services on a large scale, or the furnishing of goods in large quantities, *whether for the public or a company or individual*.
>
> A contractor is a person who, *in the pursuit of any independent business*, undertakes to do a specific piece of work *for another or other persons*.

*Id.* at 326 (emphasis added). We believe that a "hiring contractor" under section 406.141 and a "general contractor" under section 406.121 do not include the entity that *grants* a prime contract--such entity not being a "contractor" in common usage--but may include the entity that *is granted* the contract. *See* Gov't Code § 312.002(b) ("If a word is connected with and used with reference to a particular trade or subject matter or is used as a word of art, the word shall have the meaning given by experts in the particular trade, subject matter, or art").

The University of North Texas, in hiring a company to extend a campus building, for example, does not act as a "hiring contractor" as that phrase is defined in section 406.141 because it does not act even as a "contractor" as that term is commonly understood. In regard to such a project, the university does not undertake to provide goods or services *for another*. The company would be the "contractor" because it undertakes to do the project for the university, and not *vice versa*. Nor does the university, we assume, make a "business"--that is, a "commercial activity engaged in for gain," BLACK'S LAW DICTIONARY 198--out of entering into contracts with companies to have its buildings extended (such contracts being, rather, merely necessary to the pursuit of the university's purposes as an educational and research institution); but the company

that it hires probably does pursue a "business" of entering into contracts to extend buildings. Because your concern appears to be limited to contracts to perform "building or construction" on buildings on the university's campus, we do not need to engage here in speculation to determine whether any "governmental entity" as defined in section 406.096(e)(2) may in some situations be a "hiring contractor" as defined in Labor Code section 406.141. It suffices to conclude that the University of North Texas is not a "hiring contractor" as defined in Labor Code section 406.141(1) when it hires an individual or a company to perform on campus buildings any activity that constitutes "building or construction" for purposes of section 406.096.

You finally ask whether an agreement under Labor Code section 406.145 satisfies the requirements of a certificate of coverage under section 406.096, subsections (a) and (b). Section 406.145, which is part of subchapter G, provides that a joint agreement between the hiring contractor and an independent contractor affirming that the independent contractor is not an employee of the hiring contractor will establish as a matter of law that the subcontractor "is an independent contractor and not an employee, and is not entitled to workers' compensation insurance coverage through the hiring contractor unless an agreement is entered into under Section 406.144 to provide workers' compensation insurance coverage." Section 406.096 requires that the contractor, *see id.* § 406.096(a), and any subcontractors, *see* § 406.096(b), in a building or construction contract with a governmental entity certify in writing that each employee of the contractor or subcontractor that is working on the project is being provided workers' compensation insurance coverage. Because an agreement under section 406.145 does not certify that the contractor and any subcontractor are in fact providing workers' compensation coverage to its employees, we conclude that such an agreement would not satisfy the certificate requirements of section 406.096.

## S U M M A R Y

Labor Code section 406.096 applies to every "building or construction contract" entered into by the State or a political subdivision of the State, no matter how small the subject matter of the contract may be. The University of North Texas is not a "hiring contractor" as defined in Labor Code section 406.141(1) when it hires an individual or a company to perform on campus buildings any activity that constitutes "building or construction" for purposes of section 406.096. An agreement under Labor Code section 406.145 between a hiring contractor and an independent contractor affirming that the independent contractor is not an employee of the hiring contractor does not certify that the contractor and any subcontractor is in fact providing workers' compensation coverage to its employees and therefore would not satisfy the certificate requirements of section 406.096.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General